# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAHNEISHA DUNCAN, administratrix | : | |
| Estate of Daniel Simms | : | CIVIL ACTION |
| 123 S. Broad Street | : | |
| Suite 1200 | : | NO: 12-CV-02117 |
| Philadelphia, PA 19109 | : | |
| Plaintiff | : | TRIAL BY JURY DEMANDED |
| | : | |
| | : | |
| V. | : | |
| | : | |
| CITY OF CHESTER | : | |
| City Hall | : | |
| 1 Fourth Street | : | |
| Chester, Pennsylvania 19013, | : | |
| | : | |
| WILLIAM CAREY | : | |
| c/o Chester Police Department | : | |
| 160 East 7th Street | : | |
| 3rd & 4th Floors | : | |
| Chester, PA 19013, | : | |
| | : | |
| AND | : | |
| | : | |
| JOHN DOE | : | |
| c/o Chester Police Department | : | |
| 160 East 7th Street | : | |
| 3rd & 4th Floors | : | |
| Chester, PA 19013, | : | |
| Defendants | : | |

## SECOND AMENDED CIVIL ACTION COMPLAINT

Plaintiff, by and through his attorneys Brian J. Zeiger,

Esq. and Gabriel Z. Levin, Esq., hereby alleges the following:

1

## JURISDICTION

Jurisdiction is present over this claim brought pursuant to 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1343, and pursuant to 28 U.S.C. § 1367.

## PARTIES

1. Plaintiff Rahneisha Duncan, is the administratrix of the estate of Daniel Simms (hereafter "Simms").

2. At all times relevant hereto the Defendant City of Chester (hereafter "Chester"), is a municipal government agency organized under the laws of the Commonwealth of Pennsylvania and with a principal and central office of business located at 1 Fourth Street, Chester, PA 19013.

3. At all times relevant hereto, Defendant William Carey (hereinafter "Carey") and Defendant John Doe (hereinafter "Doe") are believed to be adult citizens and employees of the Chester Police, with a principal and central office of business located at Police Headquarters, 160 East 7th Street, 3rd & 4th Floors, Chester, PA 19013. Carey and Doe are being sued in their individual capacity only.

4. At all times material hereto, the Defendant Chester acted through its agents, servants, workmen and/or employees,

2

specifically the Chester's Police Department in the furtherance of its legislative mandate.

5.    At all times material hereto, the police officers in question  acted under color of law and within the course and scope of their employment, pursuant to their customs, policies, practices, ordinances, regulations, directives specifically for and of the Chester Police Department in the furtherance of its legislative mandate.

## FACTUAL BACKGROUND

6.    This is a civil action whereas Defendant Carey shot Plaintiff in the back, where Simms died as a result of the gun shot.

7.    On or about August 5, 2011, Plaintiff was lawfully present at or near 23rd and Crosby Streets in Chester, Pennsylvania.

8.    Defendants Carey and Doe began to chase Plaintiff.

9.    Plaintiff ran from Defendants Carey and Doe.

10.   Defendant Carey shot Plaintiff in the back.

11.   Plaintiff was not armed at the time of the shooting.

12.   Plaintiff was taken into police custody immediately after the shooting.

13.   Plaintiff was under arrest.

3

14. Plaintiff was taken to a local hospital and died shortly thereafter.

15. Defendants Carey and Doe used excessive force in arresting Daniel Simms.

16. Defendant Carey and Doe's excessive force caused Simms' death.

17. Defendants' conduct and use of excessive force was knowing, intentional, and/or malicious and was calculated to inflict injury to Simms and was not intended to restrain Simms or protect Simms or others from harm.

18. Defendants Carey and Doe conspired to inflict harm on Simms and deprive him of his constitutional rights and his civil rights.

19. Defendants Carey and Doe were working together on the night of Mr. Simms' death and acted jointly when they chased Mr. Simms and decided to use deadly force against him.

20. Defendants Carey and Doe conspired to assault and batter Simms.

21. Defendants Carey and Doe were improperly trained by Defendant Chester and its agents as to an appropriate amount of force to use when on duty as police officers.

4

LEVIN & ZEIGER LLP
123 SOUTH BROAD STREET, SUITE 1200
PHILADELPHIA, PA 19109
(215) 825-5183

22. Defendants Carey and Doe were improperly trained by Defendant regarding the use of force permitted to effectuate an arrest of an individual who does not pose a danger to himself or others.

23. Defendants Carey and Doe were improperly and negligently retained by the City of Chester.

24. Defendants Carey and Doe were negligently supervised by the City of Chester

25. Defendant City of Chester did not follow or enforce their own policies and procedures in supervising and retaining Carey and Doe.

26. Defendant City of Chester did not have proper policies regarding the supervision and retention of Carey and Doe.

27. The City of Chester has a pattern and/or practice of failing to train Defendant Carey.

28. The City of Chester has a custom of permitting Defendant Carey to violate citizen's constitutional rights.

29. The City of Chester has a custom of permitting Defendant Carey to use excessive force against citizens.

30. Prior to this incident, numerous complaints have been lodged regarding Defendant Carey's misconduct.

5

31. These complaints include Federal Civil Actions as well as internal affairs Complaints.

32. For instance, on September 26, 2007 Brigitte A. Storks filed a Citizen's Complaint against Officer Carey alleging he told her he would "bash [her] in [her] face with my fucking flashlight."

33. At least one colleague has also filed a complaint against Officer Carey.

34. On July 26, 2008, Defendant Carey was part of an unlawful stop of vehicle in the Woodlyn Shopping Center, and a later arrest of Noah Barber.

35. In the Barber matter, Defendant Carey and another Officer made sexually inappropriate remarks of a companion of Mr. Barber.

36. The officers then instructed the car Mr. Barber was in to turn into a parking lot and illegally seized Mr. Barber.

37. Without reason or justification, the other officer punched Mr. Barber and Officer Carey pointed a gun at his head. Defendant Carey also pointed the weapon at the other persons accompanying Mr. Barber.

38. Defendant Carey then called Ridley Township Police and lied that Mr. Barber had a firearm.

LEVIN & ZEIGER LLP
123 SOUTH BROAD STREET, SUITE 1200
PHILADELPHIA, PA 19109
(215) 825-5183

39. The other officer threw Defendant Carey to the ground and handcuffing him.

40. Defendant Carey kicked Mr. Barber in the head while he was handcuffed on the ground.

41. In the Barber matter, all criminal charges against Mr. Barber were dismissed.

42. Defendant Carey and Defendant City of Chester were both sued by Mr. Barber under 42 U.S.C. 1983 as a result of this incident.

43. On June 22, 2009, Defendant Carey was one of three police officers who illegally entered the home of Bobby G. Freeman and Julie Scott Freeman.

44. In the Freeman matter, Defendant Carey entered the Freemans' home without a warrant.

45. In the Freeman matter, an officer accompanying Carey punched Mr. Freeman for no reason.

46. When Mrs. Freeman was attempting to call the state police, Officer Carey snatched the phone from her and broke it.

47. In the Freeman matter, Defendant Carey also called Mr. Freeman a "n*****."

7

48.  Mr. Freeman then spoke back to Defendant Carey about that word. Mr. Freeman was then pushed against a wall and threatened with a taser by one of the other officers.

49.  When the Freemans made clear their intent to file a complaint against the officer, Defendant Carey attempted to coerce them by threatening to charge them with possession of marijuana unless they agreed not to complain.

50.  All charges against Mr. Freeman were later dismissed.

51.  The Freemans filed a federal action against Officer Carey and against the City of Chester.

52.  The Barber and Freeman incidents demonstrate that the City of Chester and the Chester Police Department had actual knowledge of Defendant Carey's history of misconduct, abuse of power, and use of excessive force.

53.  The aforementioned acts and conduct of the Defendants and/or the aforementioned conduct of their employees and agents were a factual cause of the harm and damages sustained by the Simms.

54.  In the alternative, the aforementioned acts and conduct of the Defendants and/or the aforementioned conduct of their employees and agents was the direct and proximate cause of the harm and damages sustained by the Simms.

8

LEVIN & ZEIGER LLP
123 SOUTH BROAD STREET, SUITE 1200
PHILADELPHIA, PA 19109
(215) 825-5183

55.  The aforementioned acts and conduct of the Defendants and
the aforementioned conduct of their employees and agents were a
factual cause and the direct and proximate cause of at least one
of the following harm and damages sustained by Simms:

A.  Injuries, dysfunctions, impairments, serious
impairments of body or bodily functions, pain and trauma to
various parts of the body and psyche, some or all of which are
permanent including:

- Death
- Permanent Neurological Disability
- Trauma and distress;
- Physical injuries to various parts of the body
  including the forehead;
- Flashbacks;
- Psychiatric injuries;
- Emotional injuries;
- Pain and suffering;
- Emotional distress;
- Mental anguish and distress;
- Humiliation and embarrassment; and
- Other injuries, the full extent of which is not
  yet known.

B.  Loss or reduction of earnings and/or earning
capacity and/or household services from the date of the injuries
to the date of the death of Daniel Simms including the increases

9

in wages or compensation that Plaintiff would have received had Plaintiff not sustained the injuries in this occurrence.

C.   Loss or reduction earnings and earning capacity and/or household services from the date of the trial of this case until Simms' death and work life span including the increases in wages or compensation that Plaintiff would have received had Plaintiff not sustained the injuries in this occurrence.

D.   Medical expenses of Simms related to or caused by the occurrence from the date of the injuries to the date of the death of Daniel Simms.

F.   Pain and suffering that Simms endured from the date of the injuries to the date of the death of Daniel Simms.

G.   Pain and suffering from the date of the injuries to the date of the death of Daniel Simms.

H.   Embarrassment and humiliation Daniel Simms endured from the date of the injuries to the date of the death of Daniel Simms.

I.   Embarrassment and humiliation Daniel Simms endured from the date of the injuries to the date of the death of Daniel Simms.

10

       J.   Loss of ability to enjoy the pleasures of life that Daniel Simms endured from the date of the injuries to the date of the death of Daniel Simms.

       K.   Loss of ability to enjoy the pleasures of life that Daniel Simms endured from the date of the injuries to the date of the death of Daniel Simms.

       L.   Attorney Fees.

       M.   Incidental costs.

       N.   Property damage.

       O.   Loss of liberty.

56. Defendants' actions were wilful and outrageous in that their motives and conduct as set forth above were malicious, wanton, reckless, oppressive and so egregious as to shock contemporary conscience.

**COUNT I**

**VIOLATION OF 42 U.S.C. § 1983**

Plaintiff alleges each and every allegation contained in paragraphs 1 – 54 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

57. Defendants' actions were undertaken as part of the execution of a custom, policy, and/or practice of the City of Chester that violated Plaintiff's civil rights.

11

58.  In the alternative, the City of Chester maintained a custom, policy, and/or practice that foreseeably resulted in the violation of the Plaintiff's civil rights.

59.  The City of Chester failed to properly train the defendant officers in the use of force.

60.  The City of Chester failed to properly train the defendant officers in the constitutional seizure of a suspect.

61.  Defendants' actions, were taken under colour of state law, are state actions under 42 U.S.C. 1983, and have deprived Plaintiff of his rights, privileges and/or immunities secured by the Constitution and laws of the United States including his right to be free from false arrest, false imprisonment and excessive force.

62.  Defendants' actions have violated Plaintiff's constitutionally protected rights by using excessive force and arresting him without probable cause under the Fourth Amendment of the United States Constitution.

63.  The Plaintiff has the right to be secure in his persons, houses, papers and effects, against unreasonable searches and seizures, and this right was violated, as no warrants were issued upon probable cause or supported by Oath or affirmation or particularly describing the place to be searched, and the

12

persons or things to be seized, as protected under the Fourth Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment.

64. On information and belief, the aforesaid actions of Defendants were taken intentionally, wilfully and/or with deliberate indifference to, or reckless disregard for, the rights secured to Plaintiff.

65. Defendants' actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE**, Plaintiff demands judgment against Defendants for such sums as would reasonably and properly compensate her for injuries in an amount in excess of Two Hundred Twenty Five Thousand ($225,000.00) Dollars together with delay damages, interest, costs and attorneys' fees. Plaintiff additionally demands punitive damages against Defendants Carey and Doe.

**COUNT II –**

**MONELL CLAIM UNDER 42 U.S.C. § 1983**

**AGAINST DEFENDANT CITY OF CHESTER**

Plaintiff alleges each and every allegation contained in paragraphs 1 – 63 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

13

66.  The Plaintiff believes and therefore avers that Defendant, City of Chester, has adopted and maintained for many years a recognized and accepted policy, custom and/or practice of condoning and/or acquiescing in condoning excessive force, unconstitutional seizures, and false arrests.

67.  The City of Chester has additionally adopted and maintained a policy, custom and/or practice of systematically failing to properly investigate, supervise and discipline its employees.

68.  The City of Chester has an inadequate policy for vetting potential employees which results in the hiring of officers who violate citizen's rights to be free from unlawful seizure and excessive force.

69.  These customs, policies, and practices resulted in the violation of Plaintiff's Fourth Amendment rights under the Constitution of the United States as applied to the states through the Fourteenth Amendment.

70.  The Plaintiff believes and therefore avers, that at all material times, Defendant City of Chester, knew that its Police Officers engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the

14

policy, custom and practice and therefore acquiesced in, and were deliberately indifferent to, the aforementioned unconstitutional conduct and policy.

71.  The City of Chester has been deliberately indifferent to the rights of citizens, under the Fourth Amendment to be free from excessive force and unreasonable seizures.

72.  By failing to take action to stop or limit the policy and/or custom and/or practice by remaining deliberately indifferent to the systematic abuse which occurred in accordance with and as a direct and proximate result of the policy, Defendant, City of Chester, condoned, acquiesced in, participated in, and perpetrated the policy in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

73.  The Plaintiff further avers that the City of Chester has failed to properly train employees, including the defendant officers, in the proper use of force.

74.  The City of Chester has also failed to properly train employees to respect citizen's Constitutional rights to be free from unreasonable seizures.

15

75. The failure of the City of Chester to properly train police officers in the use of force and the constitutional use of the seizure power directly and proximately caused the violation of Plaintiff's Fourth Amendment rights to be free from excessive force and unreasonable seizure.

76. By failing to properly train officer despite knowledge of systemic constitutional violations and abuses of power by Chester officers, the City of Chester was deliberately indifferent to these violations.

77. The conduct of the City of Chester and/or the conduct of the City's employees or agents, including the Police Commissioner, and/or policy maker for the City of Chester, were a factual cause of and/or the cause of the harm and damages sustained by Plaintiff.

**WHEREFORE,** Plaintiff demands compensatory damages against Defendant City of Chester, for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Two Hundred Twenty Five Thousand ($225,000.00) Dollars together with delay damages, interest, and costs and attorneys' fees.

16

## COUNT III – EXCESSIVE FORCE
## 42 U.S.C. § 1983
## AGAINST DEFENDANTS CAREY AND DOE

Plaintiff alleges each and every allegation contained in paragraphs 1 – 75 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

78. Plaintiff believes and therefore avers that the force used upon Daniel Simms was unnecessary and more force than was reasonable and necessary under the circumstances.

79. Plaintiff believes and therefore avers that Defendants Carey and Doe, acting in concert and conspiracy with each other, have by the aforementioned actions deprived Daniel Simms of his constitutional and statutory rights.

80. Defendants' actions were a factual cause of and/or caused Daniel Simms' substantial damages and harm.

**WHEREFORE,** Plaintiff demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Two Hundred Twenty Five Thousand ($225,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

17

## COUNT IV – ASSAULT AND BATTERY
## AGAINST DEFENDANTS CAREY AND DOE

Plaintiff alleges each and every allegation contained in paragraphs 1 – 77 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

81. The above-described actions of Defendants Carey and Doe constitute a battery because their intentional physical contact of touching of Daniel Simms was harmful and offensive and gave the Daniel Simms reason to fear immediate bodily harm, and, in fact, caused bodily harm.

82. Plaintiff believes and therefore avers that Defendants Carey and Doe, acting within the course and scope of their authority, wrongfully and unlawfully assaulted and battered Daniel Simms, as more particularly described hereinabove.

83. Plaintiff specifically complains of the conduct Carey and Doe in menacing, threatening, harassing and physically abusing Daniel Simms, all of which placed him in imminent fear of bodily harm.

84. The above-described actions of Defendants Carey and Doe placed Daniel Simms in the reasonable fear of imminent bodily harm and resulted in the Daniel Simms being unlawfully and improperly assaulted against his will.

18

85.  Defendants Carey and Doe's malicious, intentional and/or reckless actions were a factual cause of and/or caused Daniel Simms' substantial damages and harm.

86.  The above-described actions of Defendants Carey and Doe were so malicious, intentional, and reckless and displayed such a reckless indifference to the Daniel Simms' rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE,** Plaintiff demands compensatory and punitive damages against Defendants for the common law tort of assault and battery, for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Two Hundred Twenty Five Thousand ($225,000.00) Dollars together with delay damages, interest, costs and attorneys' fees, and punitive damages.

## COUNT V – WRONGFUL DEATH ON BEHALF OF SIMM'S ESTATE UNDER 42 PA.C.S.A. § 8301 AGAINST DEFENDANTS CAREY AND DOE

87.  Plaintiff alleges each and every allegation contained in paragraphs 1-84 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

88.  Plaintiff as Administratrix of the Estate of Daniel Simms, deceased, brings action on behalf of the survivors of the

19

descendant under and by virtue of the Pennsylvania Wrongful
Death Act, 42 Pa.C.S.A. § 8301.

89.  Plaintiff claims damage for pecuniary loss suffered by
decedent's survivors by reason of wrongful death of Daniel
Simms, as well as reimbursement of medical bills, funeral and
internment expenses, and administration expenses incurred
therewith.

90.  As a result of the wrongful death of decedent, Daniel
Simms, the survivors have been deprived of the guidance, love,
tutelage, companionship, support, comfort, and consortium which
they would have received from decedent, Daniel Sims, for the
remainder of his natural life.

**WHEREFORE,** Plaintiff demands compensatory and punitive
damages against Defendants Carey and Doe, for such sums as would
reasonably and properly compensate him for injuries in an amount
in excess of Two Hundred Twenty Five Thousand ($225,000.00)
Dollars together with delay damages, interest, costs and
attorneys' fees, and punitive damages.

LEVIN & ZEIGER LLP
123 SOUTH BROAD STREET, SUITE 1200
PHILADELPHIA, PA 19109
(215) 825-5183

## COUNT VI – WRONGFUL DEATH ON BEHALF OF SIMM'S SURVIVOR UNDER 42 PA.C.S.A. § 8302 AGAINST DEFENDANTS CAREY AND DOE

91.  Plaintiff alleges each and every allegation contained in paragraphs 1-88 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

92.  Plaintiff as Administratrix of the Estate of John Doe, deceased, brings this action on behalf of the survivors of the decedent under and by virtue of the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. § 8302.

93.  As a result of the death of Daniel Simms, his estate has been deprived of the economic value of his life expectancy, and plaintiff claims damage for the pecuniary loss caused by his death.

94.  Plaintiff claims on behalf of the estate of the decedent damages for the conscious pain and suffering and mental anguish undergone by plaintiff's decedent from the date of decedent's death.

95.  As a result of the untimely death of decedent, Plaintiff claims an additional sum for the psychic value of the expectancy and employment of the life of the decedent which was terminated by reason of his death.

LEVIN & ZEIGER LLP
123 SOUTH BROAD STREET, SUITE 1200
PHILADELPHIA, PA 19109
(215) 825-5183

96.  As a result of the untimely death of decedent, Plaintiff claims damages for the expense incurred by the decedent for medical attention and treatment and for funeral, burial and other expenses incurred in connection therewith.

97.  Plaintiff claims damages for the loss suffered by the decedent of the prospective happiness and the enjoyment and pleasures of life which plaintiff's decedent would have had during the remainder of his natural life which was terminated by his death.

**WHEREFORE,** Plaintiff demands compensatory and punitive damages against Defendants Carey and Doe, for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Two Hundred Twenty Five Thousand ($225,000.00) Dollars together with delay damages, interest, costs and attorneys' fees, and punitive damages.

### COUNT VII – NEGLIGENT SCREENING, HIRING, TRAINING, SUPERVISING, DISCIPLINING AND/OR RETAINING AGAINST DEFENDANT CITY OF CHESTER

98.  Plaintiff alleges each and every allegation contained in paragraphs 1-95 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

22

LEVIN & ZEIGER LLP
123 SOUTH BROAD STREET, SUITE 1200
PHILADELPHIA, PA 19109
(215) 825-5183

99.   Defendant City of Chester was negligent in screening,
hiring, training, supervising, disciplining and/or retaining
Defendants Carey and Doe, who the City of Chester knew or should
have known were dangerous and likely to assault and batter
citizens, such as the descendant, Daniel Simms.

100. Under the laws of Pennsylvania, Defendant City of Chester
is liable for the aforesaid acts under the doctrine of
respondeat superior and because it created conditions, policies
or customs which facilitated the abuse of the descendant, Daniel
Simms, by Defendant City of Chester employees, specifically, the
police officers; said conditions, policies or customs caused the
damage to the descendant, Daniel Simms.

101. Defendant City of Chester is liable for the aforesaid acts
under the doctrine of respondeat superior and because it created
conditions, policies or customs which facilitated the abuse of
the descendant, Daniel Simms, by Defendant City of Chester
employees, specifically, the police officers; said conditions,
policies or customs were not enforced by the Defendant City of
Chester and caused the damage to the descendant, Daniel Simms.

102. As a proximate result of the above-mentioned acts, decedent
suffered extreme emotional pain, anguish, distress and suffering

LEVIN & ZEIGER LLP
123 SOUTH BROAD STREET, SUITE 1200
PHILADELPHIA, PA 19109
(215) 825-5183

as well as a deprivation of his bodily integrity upon his demise.

**WHEREFORE**, Plaintiff demands compensatory damages against Defendants, for such sums as would reasonably and properly compensate him for injuries in excess of Two Hundred Twenty Five Thousand ($225,000.00) Dollars together with delay damages, interest, and costs and attorneys' fees.

## COUNT VIII – CIVIL CONSPIRACY
## AGAINST DEFENDANTS CAREY AND DOE

Plaintiff alleges each and every allegation contained in paragraphs 1 – 100 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

103. Plaintiff believes and therefore avers that Defendants Carey and Doe, through their actions, as more fully set forth in the preceding paragraphs of this Complaint, did intentionally conspire, while acting within the course and scope of their authority, to unlawfully assault, arrest, imprison and kill Daniel Simms, which ultimately caused Plaintiff substantial damages and harm.

104. Defendants Carey and Doe civil conspiracy for their malicious, intentional and/or reckless actions were a factual

24

cause of and/or caused Daniel Simms' substantial damages and harm.

**WHEREFORE**, Plaintiff demands compensatory and punitive damages against Defendants, for such sums as would reasonably and properly compensate him for injuries in excess of Two Hundred Twenty Five Thousand ($225,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

Respectfully submitted,

BY: _____
LEVIN & ZEIGER, LLP
BY: BRIAN J. ZEIGER
IDENTIFICATION NO.: 87063
123 S. BROAD STREET, SUITE 1200
PHILADELPHIA, PENNSYLVANIA 19109
215.825.5183
zeiger@levinzeiger.com

25

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUNCAN | : | CIVIL ACTION |
| | : | |
| V. | : | NO: 12-CV-02117 |
| | : | |
| | : | TRIAL BY JURY DEMANDED |
| | : | |
| CITY OF CHESTER | : | |

### CERTIFICATE OF SERVICE

I certify that I am serving the below with the above attached document today via US First Class Mail:

Suzanne McDonough, Esquire
One Olive Street
Media, PA 19063

BY: _____

**LEVIN & ZEIGER, LLP**
**BY: BRIAN J. ZEIGER**
**IDENTIFICATION NO.: 87063**
**123 S. BROAD STREET, SUITE 1200**
**PHILADELPHIA, PENNSYLVANIA 19109**
**215.825.5183**
**zeiger@levinzeiger.com**

26